# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:19-CR-347-1 |
| ) | |
| JIMIQUE RONSARD PONDER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 (c)(1)(A). (ECF No. 18.) The Government has filed a Response opposing the motion. (ECF No. 27.) The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 (c)(1)(A), (ECF No. 18), will be denied.

## I. BACKGROUND

On July 10, 2019, Defendant pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).[1] (Minute Entry of 7/10/2019; ECF No.

---

[1] On September 10, 2018, Defendant posted himself on Facebook Live driving around Kannapolis, North Carolina, with what appeared to be a Draco AK-47 firearm in his lap. (ECF No. 13, ¶ 7.) The police were alerted and went to Defendant's residence. (*Id.*, ¶¶ 11-12.) They conducted a search of

1

16 at 1.) Defendant was sentenced to 94 months of imprisonment. (ECF No. 16 at 2.) Defendant is 29 years old, and his current projected release date is April 25, 2026.[2]

## II. ARGUMENTS OF THE PARTIES

Defendant argues he should be granted a reduction in sentence because there have been changes to the law applicable to his case as a result of the ruling in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S 1 (2022). (Docket Entry 18 at 8-9.) Defendant also cites to his young age at the time of the offense, the unduly restrictive conditions during the Covid-19 lockdowns, the risk from Covid-19, his family circumstances, his rehabilitative efforts, and his release plans as grounds that support a reduction in sentence. (*Id.* at 9-13.)

The Government opposes the motion. (ECF No. 27.) The Government asserts that none of the factors relied upon by Defendant demonstrate an extraordinary and compelling reason for a reduction in sentence. (*Id.* at 4.) The Government further argues that a consideration of the § 3553(a) factors weigh against a reduction. (*Id.*)

## III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) an

---

the apartment and discovered white powder drug residue, two digital scales, and ammunition that would be used in the AK-47. Defendant told police that he had borrowed the AK-47 but no longer had it. (*Id.*, ¶¶ 13-14.)

[2] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Aug. 12, 2025) (enter "34872-057" in BOP Register Number field).

2

extraordinary and compelling reason exists to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). While a court has broad discretion to consider what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant has submitted a document indicating that he filed a request for administrative relief, (ECF No.18-1 at 2-3), and the Government does not contest that he has exhausted administrative remedies. (ECF No. 27 at 5 n. 1.) Therefore, the Court will proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021).

A. **Extraordinary and Compelling Reasons**

1. <u>Intervening Change In The Law</u>

Defendant argues that he should be granted a reduction in sentence because of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). He contends the case calls into question the constitutionality of 18 U.S.C. § 922(g). (ECF No. 18 at 8.) Defendant argues that "he does not wish to challenge his conviction" but asks the Court to consider this change in the law when evaluating his request for a reduction

3

of his sentence. (*Id.*) The Sentencing Commission policy guidelines specify a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6).

Defendant's request for a reduction in sentence based on an intervening change in the law fails in two respects. First, Defendant is incorrect about the impact of *Bruen* on a § 922(g) conviction. (ECF No. 18 at 8.) The Fourth Circuit has upheld the constitutionality of § 922(g)(1) after the ruling in *Bruen*. *See United States v. Canada*, 124 F.4th 159, 161 (4th Cir. 2024); *see also United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024). Therefore, Defendant is unable to show an intervening change in the law that impacts his case on the basis of *Bruen*.

Second, according to calculations by the Bureau of Prisons ("BOP") Defendant has served approximately 6 years and 2 months of his term of imprisonment. (ECF No. 27-1 at 3.) As noted above, the Sentencing Commission policy guidelines recognize a change in the law may be an extraordinary and compelling reason when "the defendant has served at least ten years." U.S.S.G. § 1B1.13(b)(6). Therefore, even if Defendant could show a change in the law that produced a gross disparity in the length of his sentence, he could not show he is entitled to a reduction at this time. *See United States v. Crawley*, 140 F.4th 165, 172-73 (4th Cir. 2025) (affirming the district court's denial of a request for compassionate release based on an intervening change in the law when defendant had not "served at least 10 years" of his prison term).

2. Covid-19 Lockdowns and Risk from Covid-19

Defendant next argues compassionate release is warranted because he has served his imprisonment during the Covid-19 lockdowns. (ECF No. 18 at 9.) He says the lockdowns created an environment much more restrictive and punitive than anticipated by the Court at the time of sentencing. (*Id.*) Defendant also asserts his depression was exacerbated by the lockdowns which were stressful and limited his access to proper mental health treatment. (*Id.* at 10.) Defendant additionally argues that his health conditions, including his hypertension and prediabetes, increase his risk of more severe illness from Covid-19. (*Id.*)

Defendant is unable to establish an extraordinary and compelling reason for a reduction in sentence based on these arguments. First, Defendant is unable to show he is entitled to a reduction due to the prison conditions during the Covid-19 pandemic. While the Covid-19 lockdowns were unquestionably difficult, the conditions were imposed in response to the unique circumstances of the Covid-19 public health emergency and put in place to help protect prisoners. *See United States v. Trapp*, No. 1:18CR54-1, 2023 WL 2978941, at *3 (N.D. W.Va. Apr. 17, 2023) (concluding the emergency operating procedures put in place during the Covid emergency were based on guidance from the Centers for Disease Controls, intended to protect staff and inmates, and do not constitute an extraordinary and compelling reason to reduce the defendant's sentence.). As courts have recognized, the conditions were not intended to be punitive, were not unique to any one defendant, and without more, do not establish an extraordinary and compelling reason for a reduction in sentence. *See, e.g., United States v. Anderson*, No. 2:98CR143, 2025 WL 1644020, at *7 (E.D. Va. June 10, 2025); *United States v. Shankle*, No. 3:20CR248, 2024 WL 666498, at *4 ((W.D.N.C. Feb. 16, 2024); *United*

5

*States v. Jones*, No. JKB-12-0247, 2023 WL 203819, at *2 (D. Md. Jan. 13, 2023); *United States v. Fuentes*, No. 3:17CR123, 2023 WL 3959390, at *2 (W.D.N.C. June 9, 2023). And insofar as Defendant specifically argues that the lockdowns increased his depression, the records reflect that his depressive disorder is "resolved." (ECF No. 28 at 60.)

Nor can Defendant show that any health risk from Covid-19 supports granting a reduction. The Sentencing Commission policy advises that a defendant's medical circumstances may establish an extraordinary and compelling circumstance when:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D). Accordingly, a risk from Covid-19 may be considered an extraordinary and compelling circumstance, however a defendant must show both "the risk of contracting Covid-19 is higher in prison than outside of it, and that his preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." *Davis*, 99 F.4th at 655 (citing *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023)).

Defendant asserts that he suffers from hypertension and is pre-diabetic. The medical records submitted by the Government confirm that Defendant has been diagnosed with these conditions. (ECF No. 28 at 11, 13, 28, 60.) High blood pressure and diabetes are both recognized as illnesses which may increase the risk of serious illness from Covid. *See* CDC,

6

*People With Certain Medical Conditions and Covid-19 Risk Factors*, https://www.cdc.gov/covid/risk-factors/index.html. However, Defendant's medical records indicate his conditions are being adequately managed, and there is no allegation by Defendant that he has not received appropriate care. Defendant has been placed on medication for his hypertension, and his conditions are regularly monitored by BOP health personnel. (*See, e.g., id.* at 2, 4, 60, 64.) Moreover, Defendant has received at least two doses of the Covid vaccine, (*id.* at 102), mitigating his risk from Covid. *See Davis*, 99 F.4th at 655-56. Defendant has also failed to show he is at a correctional facility "affected or at imminent risk of being affected by a Covid-19 outbreak or emergency. *See* U.S.S.G. § 1B1.13(b)(1)(D). Defendant is incarcerated at Petersburg Medium FCI which currently does not have any cases of Covid.³ Accordingly, Defendant has failed to show an extraordinary and compelling circumstance based on the Covid-19 lockdowns or his medical conditions and any associated risk from Covid-19.

3. <u>Family Circumstances</u>

Defendant also argues that he should be granted compassionate release because he is needed to help care for his children and grandmother. (ECF No. 18 at 12.) With respect to family circumstances, the Sentencing Commission policy guidelines recognize an extraordinary and compelling circumstance may exist from the incapacitation of a parent "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). With respect to a defendant's child, a defendant needs to show "[t]he death or incapacitation

---

³ https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Jul. 28, 2025.)

of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care." U.S.S.G. § 1B1.13(b)(3)(A).

In making this argument, Defendant indicates that he shares three children with his "significant other, and [h]er and his mother are both single mom's taking care of their young children alone." (ECF No. 18 at 12.) He contends that he could "assist with the burden" of caring for the children. (*Id.*) Defendant otherwise contends that if released "he will be able to be of much assistance and aid to his elderly and sickly [g]randmother whom he will reside with." (*Id.*) The Court appreciates that Defendant wants to help care for his children and his grandmother. However, his own statements establish that his children are being cared for by their mother. And with respect to his grandmother, Defendant has only generally asserted that she is "elderly and sickly." (*Id.*) Defendant fails to allege that his grandmother is incapacitated or that he is the only available caregiver. The desire to assist an aging family member, without more, does not amount to an extraordinary and compelling circumstance. *See, e.g., United States v. Henriquez*, No. 1:15CR225-1, 2021 WL 5771543, at *3-4 (M.D.N.C. Dec. 6, 2021). Accordingly, Defendant has failed to establish an extraordinary and compelling reason for a reduction in sentence based on his family circumstances.

    4. <u>Youth At Time of Offense and Release Plan</u>

The Court next considers Defendant's arguments that factors such as his youth at the time of the offense and his strong release plan warrant a reduction in sentence. (ECF No. 18 at 8, 13.) The sentencing policy guidelines do not specifically address these factors, but include a catchall provision that an extraordinary and compelling reason may exist when a defendant "presents any other circumstances or combination of circumstances that, when considered by

8

themselves or together with any of the reason described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4). U.S.S.G. § 1B1.13(b)(5).

Defendant was only 22 years old at the time he committed the instant offense. The Fourth Circuit has recognized youth at the time of the offense as a factor favoring a reduction when combined with a substantial sentence or other factors. *See United States v. McKoy*, 981 F.3d 271, 286 (4th Cir. 2020) (recognizing the unusually long sentence, gross disparity between sentence imposed and what would be imposed under current law, and individual factors including youth supported compassionate release). However, Defendant has demonstrated little beyond his age at the time of the offense that would support his request for a reduction. He has not shown an unusually long sentence or a change in the law that would impact his case. Moreover, at sentencing the Court was aware of Defendant's youth at the time of the offense and nonetheless found Defendant's 94-month sentence was appropriate. As noted above, § 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in limited circumstances as guided by the Sentencing Commission. *Dillon*, 560 U.S. at 825. The Court unfortunately sees youthful offenders far too often, and Defendant has failed to show that his young age at the time of the offense, without more, demonstrates an extraordinary and compelling reasons to grant a reduction in sentence.

Likewise, while the Court appreciates that Defendant has taken steps to arrange suitable living conditions and employment upon his release, the Court finds that this is insufficient to establish an extraordinary and compelling reason for a reduction in his sentence. However, should Defendant establish an extraordinary and compelling reason for a reduction, the Court will consider his release plan when weighing whether the § 3553(a) factors favor a reduction

9

in sentence. *See United States v. Dawson*, Crim. A. No. 94-10, 2024 WL 3455002, at *14 (D. Md. July 17, 2024) ("Courts in this Circuit generally consider a defendant's release plan when evaluating the appropriateness under 18 U.S.C. § 3553(a).")

    5.    <u>Rehabilitation</u>

Lastly, Defendant asserts that his post-sentencing rehabilitation supports granting a reduction in sentence. (ECF No. 18 at 11.) Defendant notes he has completed some BOP classes and has completed an interview that will allow him to participate in the Residential Drug Abuse Program ("RDAP"). (ECF No. 18 at 11-12.) Records submitted by the Government indicate that Defendant has completed a real estate class and a self-study class on how to lead. (ECF No. 27-2 at 1.) The Court may consider rehabilitation "in combination with other circumstances in determining whether and to what extent" a sentence reduction is warranted, but rehabilitation "is not, by itself, an extraordinary and compelling reason" for release. U.S.S.G. § 1B1.13(d).

While the Court recognizes Defendant has taken some steps toward rehabilitation, his efforts are minimal and do not rise to the level of an extraordinary and compelling reason for relief. Good behavior and efforts towards rehabilitation are expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary."); *see also McCain*, 2023 WL 7385546, at *8 (finding no extraordinary and compelling reasons where defendant showed rehabilitation but made no other successful arguments in favor of release). Moreover, as Defendant acknowledges, in addition to evidence

10

of some positive behavior, his BOP record also includes five disciplinary infractions. While several of Defendant's infractions are minor, Defendant was also cited for more serious infractions including possessing a homemade weapon and possessing drugs or alcohol. (ECF No. 27-3 at 2.) Accordingly, Defendant has failed to establish an extraordinary and compelling reason for a reduction in sentence based on his post-conviction rehabilitation.

### B. 18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a reduction in sentence, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

Defendant's behavior leading to his arrest was serious. Defendant, a previously convicted felon, was driving around town armed with a Draco AK-47 looking for a man with

whom he had a dispute. (ECF No. 13, ¶ 7.) Despite his young age at the time of the offense Defendant already had numerous prior adult convictions, including felony convictions for possession with intent to sell and deliver marijuana and felony possession of a firearm by a felon. (*Id.*, ¶¶ 40-50.) As noted above, Defendant has taken some positive steps while in prison but has also been cited for possession of drugs or alcohol and possessing a dangerous weapon. This indicates he could still benefit from time in prison to address his substance abuse issues and the goal of rehabilitation. Defendant, who was sentenced to 94 months of imprisonment was sentenced well within the guideline range of 84 to 105 months of imprisonment. (ECF No. 13 at 32.) The Court concludes that this sentence is "sufficient, but not greater than necessary." Any lesser sentence would not protect the public and deter crime, provide adequate time for rehabilitation, or reflect the seriousness of the crime. *See* 18 U.S.C. § 3553(a)(2).

Accordingly, for the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 (c)(1)(A), (ECF No. 18), is **DENIED**.

This, the 19th day of August 2025.

/s/ Loretta C. Biggs
Senior United States District Judge